Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 14 2013, 5:45 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD E. BAIER**
Baier & Baier
Mount Vernon, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| RANDY TERRELL, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 65A04-1303-CR-147 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE POSEY SUPERIOR COURT
The Honorable S. Brent Almon, Judge
Cause No. 65D01-1208-FB-358

**November 14, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Randy Terrell appeals the sentence he received following his conviction of Dealing in Methamphetamine[1] as a class B felony; two counts of Burglary,[2] both as class B felonies; Possession of Chemical Reagents or Precursors with Intent to Manufacture a Controlled Substance[3] as a class D felony; Maintaining a Common Nuisance[4] as a class D felony; and two counts of Theft,[5] both as class D felonies. These convictions were entered upon his pleas of guilty. Terrell contends his sentence is inappropriate in light of his character and the nature of his offenses.

We affirm.

The facts as admitted by Terrell are that on July 17, 2012, Terrell and his son broke into a barn located on property owned by Fred Eaton in Posey County. Once inside, the men removed an air compressor, tools, and an air conditioner. The air conditioner was later recovered at Terrell's residence. On August 13, 2012, Terrell and his son went to the residence of Karen Mathews in Posey County, forced open a window, and entered the home. Terrell's son removed an antique jewelry box full of jewelry. Terrell and other members of his family subsequently sold some of the jewelry in various places in Posey and Vanderburgh Counties. Some of the jewelry and the antique jewelry box were later recovered at Terrell's residence. On August 16, 2013, police officers went to Terrell's residence because they had evidence indicating that Terrell and his son were involved in the burglaries and were selling

---

[1] Ind. Code Ann. § 35-48-4-1.1 (a)(1) (West, Westlaw current with all 2013 legislation).
[2] Ind. Code Ann. § 35-43-2-1 (West, Westlaw current with all 2013 legislation).
[3] I.C. § 35-48-4-14.5 (e) (West, Westlaw current with all 2013 legislation).
[4] I.C. § 35-48-4-13 (b) (2) (West, Westlaw current with all 2013 legislation).
[5] I.C. § 35-43-4-2 (a) (West, Westlaw current with all 2013 legislation).

property stolen during those burglaries. Once there, police observed in plain view various pieces of jewelry that Terrell was in the process of dismantling. Police then obtained a search warrant for Terrell's residence, and upon executing the warrant, recovered items stolen during the aforementioned burglaries. Terrell and his son gave statements admitting they committed the burglaries.

While executing the above-mentioned warrant, officers also observed in plain view items that led them to believe that Terrell was engaged in the manufacture of methamphetamine. Police then obtained a second search warrant, executed that warrant, and recovered two HCL generators and a drinking glass containing a liquid that was subsequently determined to contain methamphetamine. They also recovered: empty blister packs for pseudoephedrine tablets, pseudoephedrine tablets, cut-corner plastic baggies containing a white, powdery substance determined to be methamphetamine, several pieces of burnt aluminum foil that were used to ingest methamphetamine, wet and dry coffee filters, some of which contained a white, powdery residue subsequently determined to be methamphetamine, a thermos cup with a powdery residue that was subsequently determined to be ephedrine, a metal spoon with a residue that was subsequently determined to be methamphetamine, camping fuel, plastic tubing, and sodium hydroxide. Terrell admitted he had used methamphetamine for a period of years, but claimed that he did not manufacture it it.

The State charged Terrell with dealing in methamphetamine (Count 1) and burglary (Count 4), both as class B felonies, burglary as a class C felony (Count 5), class D felony possession of chemical reagents or precursors with intent to manufacture a controlled

substance (Count 2), class D felony maintaining a common nuisance (Count 3), and two counts of theft (Counts 6 and 7), both as class D felonies. Terrell pled guilty to all counts without the benefit of a plea agreement. Following a hearing, the trial court sentenced Terrell to an aggregate, executed sentence of twenty-four years. This included the advisory sentence for each offense, some of which were to run consecutively to each other, while others were to run concurrently.

Terrell contends his sentence was inappropriate in light of his character and the nature of his offense. He cites the correct standard of review for challenges to the appropriateness of a criminal sentence. Pursuant to that standard, article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. Under Ind. Appellate Rule 7, the Supreme Court authorized this court to perform the same task. *Cardwell v. State*, 895 N.E.2d 1219 (Ind. 2008). Per Indiana Appellate Rule 7(B), we may revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Wilkes v. State*, 917 N.E.2d 675, 693 (Ind. 2009), *cert. denied*, 131 S.Ct. 414 (2010). "[S]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d at 1223. Terrell bears the burden on appeal of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073 (Ind. 2006).

Although citing this standard, Terrell's argument focuses not upon his character or the nature of his offenses, but rather upon the aggravating and mitigating circumstances cited by

the court in arriving at his sentence. He argues, "the trial court failed to appropriately consider the significance of the mitigating factors [found by the trial court], and had the court done so, the Court would've reduced [Terrell's] sentences below the advisory sentence and would not have run sentences consecutively. Further, the trial court gave inappropriate significance to [Terrell's] criminal history." *Appellant's Brief* at 9. He provides the following summary at the conclusion of his argument:

> Appellant submits that the trial court did not attach enough significance to the mitigating factors in failing to reduce appellant's sentence below the advisory sentence and by imposing consecutive sentences. Appellant requests that the appellate court exercise its authority under Appellate Rule 7 (B), [and] determine that the appellant's sentence in [sic] inappropriate in light of the nature of the offense and the character of the offender[.]

*Id.* at 11.

As reflected in this summary, Terrell conflates two distinct legal issues. While ostensibly challenging the appropriateness of the sentence, his argument substantively focuses exclusively on the trial court's weighing of aggravating and mitigating circumstances. Our Supreme Court has explained that under the current advisory sentencing scheme, trial courts do not have an obligation to weigh aggravating and mitigating factors against each other when imposing a sentence. *See Anglemyer v. State,* 868 N.E.2d 482 (Ind. 2006), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). Therefore, the weight the trial court assigns to any aggravating or mitigating circumstance is not subject to appellate review. *Id.*

With respect to the challenge that he may and ostensibly does make to his sentence, i.e., the appropriateness of the sentence, the "revision of a sentence under Indiana Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of

5

*both* the nature of his offenses and his character." *Williams v. State,* 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (emphasis in original); *see* App. R. 7(B). Terrell presents no argument whatsoever concerning the inappropriateness of his sentence in light of the nature of his offenses or his character. Therefore, the argument is waived. *Williams v. State,* 891 N.E.2d 621; *see* App. R. 46(A)(8)(a).

Judgment affirmed.

BAKER, J., and VAIDIK, J., concur.